Action by Charles H. Hamilton and others against Frank Winch. L. Frankel, for appellants. E. D. O'Brien, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

HAMILTON BANK-NOTE ENGRAVING & PRINTING CO., Respondent, v. TWIN CITY POWER CO., Appellant. (Supreme Court, Appellate Term. June, 1903.) Action by the Hamilton Bank-Note Engraving & Printing Co. against the Twin City Power Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed. E. W. Tyler, for appellant. Meyer & Godson, for respondent.

MacLEAN, J. It is undisputed that the plaintiff printed and delivered certain bonds to the defendant upon its order, and that the latter never returned or offered to return them, even when apprised of delivery and receipt by a brother of an executive officer and a casual visitor in the offices of the defendant. That time was essential was affirmed and denied, but the determination of the jury thereon is final, in the absence of evidence of return, or offer to return, or of refusal to accept when informed of the completion of the work; for the officer of the defendant directly testified, somewhat inconsistently it is true, that "after the time had expired, and after January 31st, I notified him [the general manager of the plaintiff] on the telephone that the time had gone by to use the bonds, and not to deliver them. I cannot tell you how soon after January 31st. I think it was more than a week, I should think 10 days, after January 31st. He notified me he had the bonds ready for delivery at that time, and I told him not to deliver them, I said: 'Do not deliver them. We have no place to keep them here. You keep them there, until we can arrange to use them.'" This accords with the testimony of the general manager of the plaintiff on that point, and makes the exclusion of evidence of purposed use thereafter—for use there was by the undisputed retention, imprint of corporate seal, and signatures of two officers of the defendant attached—proper and as not within the issue. Judgment must therefore be affirmed, with costs. Judgment affirmed, with costs. All concur.

HARMS, Respondent, v. RINALDO, Appellant. (Supreme Court, Appellate Division, First Department. October 23, 1903.) Action by Charles Harms against David M. Rinaldo. L. Cohen, for appellant. J. C. Guggenheimer, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

HARRELL, Respondent, v. FINCK et al., Appellants. (Supreme Court, Appellate Division, First Department. October 23, 1903.) Action by Claudius E. Harrell against George Finck and others. D. P. Cobb, for appellants. H. B. Twombly, for respondent. No opinion. Judgment affirmed, with costs, with leave to defendants to withdraw demurrer, and to answer, upon payment of costs in this court and in the court below.

HATHAWAY, Appellant, v. SYRACUSE RAPID TRANSIT RY. CO. et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. October 27, 1903.) Action by Charles Hathaway, Jr., against the Syracuse Rapid Transit Railway Company and others.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

STOVER, J., not voting.

HAWLEY v. ROCHESTER & S. RY. CO. (Supreme Court, Appellate Division, Fourth Department. October 27, 1903.) Action by Emma Hawley against the Rochester & Suburban Railway Company. No opinion. Motion for reargument denied. Motion for leave to appeal to the Court of Appeals granted; the form of the order to be settled by and before HISCOCK, J., on two days' notice.

HEATH, Appellant, v. HASBROUCK, Respondent. (Supreme Court, Appellate Division, First Department. October 23, 1903.) Action by William H. Heath, as administrator, against James F. Hasbrouck. W. L. Cahn, for appellant. E. A. Jones, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

HERLIN, Respondent, v. JOHN W. MASURY & SON, Appellant. (Supreme Court, Appellate Division, Second Department. November 20, 1903.) Action by Margaret Herlin, as administratrix, etc., of Dennis Herlin, deceased, against John W. Masury & Son. No opinion. Order affirmed, with $10 costs and disbursements.

HEWIT, Respondent, v. HEDDEN et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. November 24, 1903.) Action by Loren M. Hewit, as trustee, against Viner J. Hedden and others.

PER CURIAM. Judgment and order reversed, and new trial ordered, with costs to the appellant to abide event, upon questions of law only. Held that, the trial justice having charged the jury "that the plaintiff can recover, if at all, only upon the contract signed by Adams and the defendants' Exhibit 4 in this case," and it being conceded that the plaintiff is not entitled to recover upon such contract, the judgment must be reversed, notwithstanding the plaintiff may have alleged and established by competent proof another and different cause of action against the defendants.

HEWITT, Respondent, v. AMERICAN UNION LIFE INS. CO., Appellant. (Supreme Court, Appellate Division, Third Department. November 17, 1903.) Action by Mary E. Hewitt against the American Union Life Insurance Company. No opinion. Motion denied.

HIDDEN, Respondent, v. GODFREY et al., Appellants. (Supreme Court, Appellate Division, First Department. November 6, 1903.)

Action by Thomas B. Hidden against Frederick S. Godfrey and others. No opinion. Motion denied.

---

HINES, Respondent, v. SECURITY TRUST CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. October 27, 1903.) Action by Martin Hines against the Security Trust Company. No opinion. Motion for reargument denied, with $10 costs and disbursements. Motion for leave to appeal to the Court of Appeals denied.

---

H. KOEHLER & CO., Respondents, v. BRADY et al., Appellants. (Supreme Court, Appellate Division, First Department. November 13, 1903.) Action by H. Koehler & Co. against James W. Brady and others. From a judgment for plaintiffs, defendants appeal. Modified. See 81 N. Y. Supp. 695. Moses Weinman, for appellants. Emanual J. Myers, for respondents.

INGRAHAM, J. A statement of the proceeding which has resulted in this judgment, and the nature of the judgment, are stated in a former appeal in this action. 82 App. Div. 279, 81 N. Y. Supp. 695. Entertaining the views there expressed, it is quite apparent that a judgment, so far as it affects appellant Doelger or directs a sale of his property, was unauthorized, and that for the reasons stated in that opinion the judgment, so far as it affects appellant Doelger, should be reversed, and all provisions in the judgment by which it is adjudged that the plaintiffs acquire a lien upon the premises described in the complaint and directing a sale of the property, should be stricken from the judgment appealed from, with costs to the said appellant against the respondents.

---

HOPKINS et al., Appellants, v. DUNHAM, Respondent. (Supreme Court, Appellate Division, Second Department. November 20, 1903.) Action by John W. W. Hopkins and others against J. Frank Dunham. No opinion. Orders affirmed, without costs.

---

HORENBURGER et al., Appellants, v. ROTH, Respondent. (Supreme Court, Appellate Term. June 22, 1903.) Action by Herman Horenburger and others against Isaac Roth. Judgment for defendant and plaintiffs appeal. Affirmed. A. J. Westermayr, for appellants. Hoffman & Wahle, for respondent.

PER CURIAM. There was nothing but a question of fact to be submitted to the jury in this case. This was done by the trial judge in a charge to which no exception was taken. We see no reason for disturbing the verdict of the jury. Judgment affirmed, with costs.

---

In re HUNT. (Supreme Court, Appellate Division, Third Department. November 17, 1903.) In the matter of the judicial settlement of the accounts of Ruth Hunt as executrix of the last will and testament of Thomas Hunt, deceased. No opinion. Motion granted.

---

INDERLIED CHEMICAL CO., Appellant, v. PHŒNIX INS. CO. OF HARTFORD,

CONN., Respondent. (Supreme Court, Appellate Division, Third Department. November 11, 1903.) Action by the Inderlied Chemical Company against the Phœnix Insurance Company of Hartford, Conn. No opinion. Judgment unanimously affirmed, with costs.

---

INNIS v. FRANK. (Supreme Court, Appellate Term. November 6, 1903.) Action by George A. L. Innis against William P. Frank. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. From so much of the judgment as permitted a reduction to the extent of defendant's counterclaim, and from an order denying a new trial on the counterclaim, plaintiff appeals. From the judgment, and from an order denying his motion for a new trial, defendant appeals. Reversed. Nichols & Bacon (Morton Stern, of counsel), for plaintiff. Steuer & Hoffman (Max D. Steuer, of counsel), for defendant.

PER CURIAM. This action was brought by the plaintiff, as a traveling salesman, to recover about $1,700, as balance of commissions due him, and the sum of $75, loaned to defendant by plaintiff. The answer contained a general denial, alleged a defense of payment, and set up as a counterclaim an assigned claim from the firm of Remick, Ryall & Co. to defendant for money loaned and advanced to plaintiff, and for the price of a suit of clothes furnished to plaintiff by said firm. At the trial both parties gave evidence. By consent of counsel three questions were submitted to the jury, and upon the answers given to such questions the court concluded that the plaintiff was entitled to the direction of a verdict in the sum of $691.33, with interest, over and above the amount due on defendant's counterclaim. The case presents numerous motions of both parties for the direction of a verdict for various amounts, but it nowhere appears with certainty how the amount of $691.33 was arrived at, or how much was allowed for defendant's counterclaim. By the printed case it appears that defendant's counsel asked for a direction to the jury "that they must deduct from the claim found to be due plaintiff from the defendant $283.63, with interest from the 1st day of October, 1901," and that the court said "I make that direction." But when thereafter the case was submitted to the jury, they were required only to answer three questions, and their answers specified no amount. The extract from the minutes contains the following: "At the close of the entire case, upon motion of defendant's counsel, the court directed a verdict for the defendant on the counterclaims for $240.70." How that sum was arrived at, or for what it was intended to stand, it nowhere appears. The case as settled and printed presents such a confused statement as to what was really done, and as to the real and precise disposition of the issues, that no intelligent disposition of the appeals can be made; and, as both parties are dissatisfied with the verdict as directed and have appealed, the interests of justice and of orderly practice will be best promoted by ordering a new trial. Judgment and order appealed from reversed, and a new trial ordered, with costs of this appeal to the party finally prevailing to abide the event.